IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIE J. GRIFFIN, JR.,**
    Petitioner,

v.                                                 Case No. 3:10cv342/RV/MD

**C.J. DeROSA,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by petitioner under 28 U.S.C. § 2254 (doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the record before the court shows that the petition, construed as a new § 2254 petition, is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and that construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the petition is due to be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is attacking a March 19, 1996 conviction for possession of a controlled substance entered in the Circuit Court of Escambia County, Florida. (Doc. 1, Pet. at 1). His sentence was an 18-month term of probation. Petitioner indicates

that he is presently in federal custody confined at the Federal Prison Camp in Marion, Illinois.[1]

Petitioner first challenged his 1996 state court conviction in August of 1999, when he sought habeas corpus relief under 28 U.S.C. § 2254 in this court. (*See Griffin v. Lowman*, Case No. 3:99cv336/RH/SMN). On March 6, 2000, the petition was dismissed with prejudice as untimely. (*Id.*, docs. 11-13). Two and a half years later in December of 2002, petitioner submitted for filing a "Motion for Appropriate Relief Pursuant to Fed. R. of Civ. Proc R. 60(b)." The document was returned to petitioner without filing on a deficiency order noting that the case was closed and would not be reopened. (*Id.*, doc. 16).

On July 20, 2002, petitioner filed another § 2254 petition in this court challenging the same conviction. (*See Griffin v. C.J. DeRosa*, Case No. 3:02cv325/RV/MCR). On September 16, 2002, that petition was dismissed without

---

[1] The court takes judicial notice of its own records in *United States of America v. Willie James Griffin, Jr.*, case number 3:99cr46/RV. These records reveal that on December 14, 1999 petitioner was convicted in this court of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, and Possession with Intent to Distribute Cocaine. (*Id.*, doc. 62). Petitioner was sentenced to concurrent terms of 252 months imprisonment on each count. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 4, 2002 (*Id.*, doc. 174). That motion was denied on May 24, 2004. (*Id.*, docs. 263, 264). Petitioner filed a subsequent § 2255 motion, which was dismissed as successive on August 27, 2009.

Given the brevity of petitioner's 1996 state court sentence, and the fact that he is not in state custody at this time, it does not appear petitioner meets the "in custody" requirement necessary for the exercise of this court's jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968); *cf. Landry v. Hoepfner*, 840 F.2d 1201, 1204 n. 8 (5th Cir. 1988) (petitioner still eligible for habeas corpus relief despite expiration of probation because petitioner filed petition while on probation), *cert. denied*, 489 U.S. 1083 (1989). Although it is possible that the 1996 conviction was used to enhance petitioner's current federal sentence, petitioner neither claims, nor alleges facts to suggest that that is the case. Even assuming the 1996 state conviction was used to enhance petitioner's current federal sentence, petitioner would be required to bring his suit as a challenge under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (prisoner challenging an expired state sentence used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254). *See also Van Zant v. Florida Parole Comm'n,* 104 F.3d 325, 327 (11th Cir. 1997) ("In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction.").

prejudice as an unauthorized second or successive petition. (*Id.*, docs. 2-4).

On March 3, 2003, petitioner filed another § 2254 petition in this court challenging the same conviction. (*See Griffin v. C.J. DeRosa*, Case No. 3:03cv89/LC/MD). On April 4, 2003, that petition was dismissed without prejudice as an unauthorized second or successive petition. (*Id.*, docs. 4, 6, 7). Petitioner's motion for a certificate of appealability was denied by the Eleventh Circuit on July 9, 2003, and his appeal dismissed. (*Id.*, doc. 29). His motion for reconsideration was denied on August 20, 2003.

The instant petition followed. The petition raises one ground for relief: that this court erred in dismissing petitioner's 1999 petition "versus equitably tolling the petition until remedies were exhausted,"[2] and that the court erred in treating all of petitioner's subsequent petitions as unauthorized second or successive petitions. (Doc. 1, Pet. at 5). In support of this claim, petitioner relies on *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 177 L.Ed.2d 130 (June 14, 2010), which held that the federal habeas limitations period of 28 U.S.C. § 2244(d) is subject to equitable tolling, and that the case required remand for a determination whether the conduct alleged on the part of the prisoner's attorney rose to the level of an "extraordinary circumstance" sufficient to permit equitable tolling.

## DISCUSSION

### Construed as a § 2254 Petition

To the extent petitioner attacks his 1996 conviction and sentence, his petition should be construed as a § 2254 petition and dismissed without prejduice as an unauthorized second or successive petition. Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the

---

[2]Petitioner states that his 1999 petition was dismissed for failure to exhaust. That is incorrect. It was dismissed with prejudice as untimely and because his claims were procedurally defaulted.

*Case No: 3:10cv342/RV/MD*

district court to consider the application." The instant petition, which is petitioner's fourth petition challenging his 1996 conviction, and which follows a prior petition which was dismissed with prejudice as time-barred, is "second or successive." It plainly appears from the record that petitioner has failed to obtain the Eleventh Circuit's authorization to file the petition. This failure operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See Fugate v. Dep't of Corrections*, 310 F.3d 1287, 1288 (11th Cir. 2002).

Even if the court considered the merits of the petition, this case would be subject to dismissal because petitioner fails to state a claim upon which federal habeas relief can be granted. His claim that this court erred in dismissing his prior federal habeas petitions without reviewing their merits does not undermine the validity or legality of his detention or imprisonment (i.e., the conviction itself); rather, it presents an attack on a proceeding collateral to petitioner's confinement. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *see also Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir.) (collecting cases), *cert. denied*, — U.S. —, 130 S.Ct. 500, 175 L.Ed.2d 355 (2009).

**Construed as a Rule 60(b) Motion**

In light of the nature of petitioner's claim and this court's obligation to construe *pro se* pleadings liberally, the undersigned has considered whether petitioner would be entitled to relief if his pleading was construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005) (holding that state prisoner's pleading challenging only the district court's prior ruling that the prisoner's federal habeas petition was time-barred, was not the functional equivalent of a "second or successive habeas petition," but was properly construed as a Rule 60(b) motion, explaining, "neither the [Rule 60(b)] motion itself

nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." ).

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Here, petitioner's only ground for reopening the 1999 judgment is that the Supreme Court's decision in *Holland*, *supra*, shows the error of this court's dismissal of his first petition as untimely, because he alleged that his attorney failed to file a direct appeal as requested. (Doc. 1, Pet. at 5). By relying on *Holland*, petitioner appears to be arguing that his attorney's failure to file a direct appeal warranted equitable tolling of the federal habeas limitations period.

The only plausible subsection petitioner could be deemed to be invoking is Rule 60(b)(6). The Supreme Court has required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez*, 545 U.S. at 535; 125 S.Ct. at 2649 (citing cases). The change in the law worked by *Holland*'s holding is not an "extraordinary circumstance" justifying reopening of the 1999 judgment. Petitioner did not present facts in his 1999 petition or the present one suggesting that his attorney's failure to file a direct appeal rose to the level of the attorney misconduct alleged in *Holland*. Moreover, unlike the petitioner in *Holland*, the petitioner here neither claimed, nor alleged facts

to suggest that he met the other prerequisite for entitlement to equitable tolling – that he exercised diligence in attempting to file his federal habeas petition on time. Indeed, in the 1999 case petitioner did not even respond to the State's assertion of the statute-of-limitations defense, and his pleading filed in the instant case does not remotely suggest petitioner was diligent.

This court's dismissal of petitioner's 1999 petition was correct, even in light of *Holland*. Therefore, the Supreme Court's decision in *Holland* does not constitute an "extraordinary circumstance," as required for petitioner to prevail in his motion for relief from the court's 1999 judgment. The same applies to petitioner's attacks on the 2002 and 2003 judgments dismissing his subsequent § 2254 petitions as unauthorized "second or successive" petitions. The court was correct in construing those petitions as "second or successive" habeas applications and in dismissing them as unauthorized. Petitioner has not alleged grounds entitling him to Rule 60(b) relief.

## CONCLUSION

Construed as a new § 2254 petition, the instant petition should be dismissed as an unauthorized "second or successive" habeas application. Liberally construed as a Rule 60(b) motion for relief from the 1999, 2002 and 2003 judgments, the petition should be denied because petitioner has not demonstrated his entitlement to Rule 60(b) relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule

11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition (doc. 1), construed as a § 2254 petition, be DISMISSED.

2. That the petition (doc. 1), construed as a Rule 60(b) motion for relief from judgment, be DENIED and this case DISMISSED.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 20th day of September, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:10cv342/RV/MD*